Melinda Jo WILLIS–GOMEZ, and Rogelio Gomez–Arauz, Plaintiffs,

v.

Doris MEISSNER, Commissioner, and Immigration and Naturalization Service, Defendants.

No. CIV–94–600–R.

United States District Court, W.D. Oklahoma.

Feb. 22, 1995.

E. Vance Winningham, Winningham & Associates, Oklahoma City, OK, for plaintiffs.

Ronny D. Pyle, U.S. Attorney's Office, Oklahoma City, OK, for defendants.

### ORDER

DAVID L. RUSSELL, Chief Judge.

At issue are the Motion for Default Judgment of Plaintiffs, Melinda Jo Willis–Gomez ("Plaintiff Willis") and Rogelio Gomez–Arauz ("Plaintiff Gomez"); and the Motion to Dismiss Complaint of Doris Meissner, Commissioner, and the Immigration and Naturalization Service ("Defendants"). This Court has jurisdiction to consider the issues presented by the parties under 28 U.S.C. § 1361, and 8

U.S.C. § 1105a(a)(10). For the reasons stated below, the Court grants Defendants' motion, and dismisses this case, *with prejudice*.

### I. INTRODUCTION AND STATEMENT OF THE CASE.

This is a dispute over the processing and adjudication of Plaintiff Willis' second Petition for Alien Relative by Defendant, the Immigration and Naturalization Service ("INS"). Evidence submitted by the parties in support of their motions, and at an emergency hearing on Plaintiffs' motion for temporary restraining order,[1] demonstrates that the INS instituted deportation proceedings against Plaintiff Gomez, a Panama citizen found to be residing illegally in the United States, on April 19, 1989. *See* Plaintiffs' Exhibit "2," attached to Courtroom Minute Sheet, dated May 6, 1994. On September 29, 1989, Plaintiff Willis filed a first Petition for Alien Relative with the INS, asserting a common-law marriage between she and Plaintiff Gomez which pre-dated the INS' April, 1989 deportation proceedings. *Id.*

After reviewing Plaintiffs' evidence, however, the INS apparently was not satisfied with Plaintiffs' evidence of a pre-deportation, common-law marriage. The first Petition for Alien Relative was denied by the INS, and the denial was affirmed by the Board of Immigration Appeals ("BIA") and later, by the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit"). *See* Exhibit "E" to Brief in Support of Plaintiff Melinda Jo Willis–Gomez's Motion for Default Judgment. Plaintiff Gomez' appeal of the immigration judge's determination that he was deportable were similarly unsuccessful at the BIA and the Tenth Circuit. *See* Defendants' Exhibit "1" and "2" attached to the Courtroom Minute Sheet, dated May 6, 1994.

However, Plaintiff Willis' first Petition for Alien Relative was dismissed *without prejudice*. Therefore, during the pendency of her appeal on the first Petition, Plaintiff Willis filed a second Petition for Alien Relative with

1. A hearing on Plaintiffs' motion for temporary restraining order was held on May 6, 1994. *See* Transcript of Hearing for Temporary Restraining

Order Before the Honorable David L. Russell, United States District Court Judge, May 6, 1994.

the INS (the "Second Petition"). Attached to the Second Petition was new evidence supporting Plaintiffs' contention that a valid marriage existed between Plaintiffs prior to date the INS commenced deportation proceedings against Plaintiff Gomez. *See* Exhibit "A" to Plaintiffs' Response to Defendants' Motion to Dismiss. As of April 28, 1994, the date the INS notified Plaintiff Gomez that he was to report for deportation, the INS had issued no decision on the Second Petition.

On April 26, 1994, Plaintiffs filed their Complaint with this Court, alleging the deportation of Plaintiff Gomez, and the INS' delay in adjudicating the Second Petition were causing them irreparable harm. *See* Plaintiffs' Complaint for Mandamus and Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus (With Stay of Deportation), at pp. 2–5. Plaintiffs therefore asked the Court: (1) to issue a writ of mandamus compelling the INS to adjudicate Plaintiff Willis' Second Petition; (2) to issue a writ of habeas corpus directed to the INS for Plaintiff Gomez; and (3) to issue temporary and permanent injunctions against the INS, barring that agency from effecting Plaintiff Gomez' deportation.

On May 6, 1994, this Court held a hearing on Plaintiffs' emergency motion for injunctive relief. On that date, the Court denied Plaintiffs' request for an order restraining the INS from deporting Gomez.[2] Immediately thereafter, Gomez was deported to Panama.

On April 15, 1994, Plaintiff Willis filed the instant motion for default judgment, asserting that the INS failed to file a proper answer to Plaintiffs' Complaint, and that she is consequently entitled to judgment. Additionally, Plaintiff Willis argues that the INS had a legal duty, under 8 C.F.R. § 103.2(b)(2), to determine her Second Petition within a year of its filing. Plaintiff

Willis argues that the INS has, to date, failed to fulfill this legal duty. Thus, Plaintiff Willis renews her request for mandamus, asking this Court to compel the INS to issue a determination on her Second Petition. *See* Brief in Support of Plaintiff Melinda Jo Willis–Gomez's Motion for Default Judgment, at pp. 3–5.

On September 1, 1994, at an initial hearing on Plaintiffs' Motion for default judgment, Defendants informed the Court that an INS determination on Plaintiff Willis' Second Petition was imminent. On September 8, 1994, Defendants filed a motion to dismiss, contending that the INS has completed its action on Plaintiff Willis' Second Petition, and that they notified Plaintiffs of the determination. *See* Defendants' Motion to Dismiss Complaint, at pp. 1–2. Thus, Defendants now argue that all issues raised by Plaintiffs' Complaint are moot, and that the case should be dismissed.

In response to Defendants' motion to dismiss, Plaintiff Willis contends that the INS agent which rendered a decision on her Second Petition was not a "District Director," but an "Officer in Charge" at that agency. Plaintiff Willis argues that an "Officer in Charge" has no authority to issue a determination on a Petition for Alien Relative under Federal Regulations, and therefore no valid determination has been issued by the INS on her Second Petition. *See* Plaintiffs' Response to Defendants' Motion to Dismiss, at pp. 1–3. Plaintiff Willis thus renews her request for a writ of mandamus.

All parties have now moved for final determination of the issues which remain in the case. Because a review of the regulations and controlling case law has revealed that the Court has neither the jurisdiction to determine these remaining issues, nor the power to grant Plaintiffs the type of relief they continue to request, this Court grants Defendants' motion to dismiss, *with prejudice.*

---

2. The Court's determination on Plaintiffs' motion for temporary restraining order was largely based upon its finding that Plaintiffs could not show they would likely prevail on the merits of their Complaint. *See* Order of May 6, 1994. This finding was largely based upon the fact that Gomez had already appealed the deportation decision of immigration judge to the United States

Court of Appeals for the Tenth Circuit, and the decision had been affirmed by that Court. *See* Defendant's Exhibit 2, attached to Courtroom Minute Sheet dated May 6, 1994. *See also* Transcript of Hearing for Temporary Restraining Order Before the Honorable David L. Russell, United States District Court Judge, at pp. 27–28.

## II. *OPINION.*

■ As a preliminary matter, the Court notes that Plaintiff Gomez has been deported and, accordingly, is no longer in INS custody. An alien must, however, be "in custody" to have a right to petition a federal district court for habeas relief. 8 U.S.C. § 1105a(a)(10). *See Galaviz–Medina v. Wooten*, 27 F.3d 487, 490 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995) (the right to habeas corpus relief is limited to aliens who are "in custody"); *Terrado v. Moyer*, 820 F.2d 920, 921 (7th Cir.1987) (INS custody of an alien is a prerequisite to a district court's exercise of jurisdiction in a habeas case under 8 U.S.C. § 1105a(a)(9) [now Section 1105a(a)(10) ] ). Consequently, because Plaintiff Gomez is no longer in INS custody in this case, Plaintiffs' claim for habeas relief is moot, and must be dismissed, *with prejudice.*

■ As to Plaintiffs' argument that no person with proper authority at the INS has, to date, issued a valid determination on Plaintiff Willis' Second Petition, this Court acknowledges that the regulations which delineate the respective powers and authorities of "District Directors" and "Officers in Charge" seem to suggest that, with three exceptions,[3] "Officers in Charge" do *not* have either the power, or the authority to issue determinations on petitions, such as the Second Petition. *See* 8 C.F.R. §§ 103.1(n)(1), 103.1(*o*) (1994). Accordingly, Plaintiffs raise a genuine issue with respect to whether any valid determination on the Second Petition has been issued by the INS here.

However, because exclusive jurisdiction over issues arising in connection with INS determinations rests with the BIA, and then with the Tenth Circuit, the proper place for Plaintiffs to raise this issue is on appeal to those entities. *See* 8 U.S.C. § 1105a(a)(2); 8 C.F.R. §§ 103.3(a)(1)(ii), 3.1(b)(5) (1994). *See also, Walford v. Immigration and Naturalization Service*, 48 F.3d 477, 477–78 (10th Cir.) (attack on merits of determination by INS rests exclusively with the BIA and the Circuit Courts of Appeal); *Galaviz–Medina*, 27 F.3d at 489–90 (Circuit Courts of Appeal have exclusive jurisdiction over judicial review of all final actions of deportation).

Thus, this Court simply does not have jurisdiction to determine the issue Plaintiffs raise regarding the validity of the INS determination on the Second Petition in this case. Accordingly, Plaintiffs must seek resolution of this question elsewhere.

■ Similarly, this Court finds it does not have authority to issue a writ of mandamus to Plaintiffs. Here, Plaintiffs' motion for default judgment alleges that 8 C.F.R. § 103.2(b)(2), places a legal duty upon the INS to determine Willis' Second Petition within a year, and that this duty forms the basis for the Court's jurisdiction to issue a writ of mandamus. However, a review of Section 103.2(b)(2), demonstrates that the INS has wide discretion, both in the timing of its determination of a petition, and in any disclosure of information about a petition to the petitioners. Section 103.2(b)(2) states:

A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing investigation.

8 C.F.R. § 103.2(b)(2) (1994).

Therefore, while Section 103.2(b)(2) suggests that a petition's adjudication should, under normal circumstances, be completed within a year, the Section also gives the INS discretion to expand this time frame when it determines such expansion to be necessary. The disclosure of information relating to the progress of a petition's adjudication, and the timing of such adjudication, clearly rests within the sound discretion of the District Director of the INS. Thus, the matter complained of by Plaintiffs here, the timing of

---

**3.** The regulations provide that "Officers in Charge" in Districts 33, 35, and 37 (Bangkok, Thailand; Mexico City, Mexico; and Rome, Italy respectively) have the same powers and authority with respect to petitions as District Directors. 8 C.F.R. §§ 100.4(b), 103.1(*o*) (1994).

the adjudication of Plaintiff Willis' Second Petition, and any disclosure of information concerning the Second Petition, rests within the discretion of the INS.

■ The doctrine of separation of powers precludes a federal district court from exercising its authority in a manner which would cause it to act as a "super agency," overseeing the discretionary affairs of another branch of the federal government. *Carpet, Linoleum and Resilient Title Layers, Etc. v. Brown,* 656 F.2d 564, 566 (10th Cir.1981). For this reason, mandamus has been held to be appropriate *only* when the duty owed to the petitioner by the governmental official to whom the writ is directed is "ministerial, clearly defined and peremptory." *Id.,* quoting, *Schulke v. U.S.,* 544 F.2d 453, 455 (10th Cir.1976).

In cases where a petitioner seeks to compel performance of an INS official through mandamus, federal courts have held that when the INS official's responsibilities are "somewhat discretionary," mandamus will be found to be proper only if, upon review of the governing statutes or regulations, it appears the targeted official has either ignored, or clearly violated, the scope of discretion, or the manner in which discretion is to be exercised. *Silveyra v. Moschorak,* 989 F.2d 1012, 1014 (9th Cir.1993), citing, *Brown,* 656 F.2d at 566; *Work v. U.S.,* 267 U.S. 175, 177, 45 S.Ct. 252, 253, 69 L.Ed. 561 (1925). *See also, Barr v. U.S.,* 478 F.2d 1152, 1155 (10th Cir. 1973), *cert. denied,* 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973) (mandamus should not be utilized to direct or influence the exercise of discretion of a governmental official).

Here, Plaintiff Willis' Second Petition was filed during the pendency, both of her appeal of the INS' denial of her first Petition for Alien Relative, and the appeal by Plaintiff Gomez of the immigration judge's deportation order. Under such circumstances, this Court would be extremely reluctant to find any INS delay in adjudication of the Second Petition pending resolution of the two matters on appeal to be outside the scope of discretion set by the statutes and regulations governing petitions of this type.

Section 103.2(b)(2) of Title 8 of the Code of Federal Regulations affords wide discretion to the INS in matters pertaining to the timing of the adjudication of petitions such as the Second Petition here. This Court finds that the actions of the INS with respect to the timing of adjudication of the Second Petition were within the scope and manner of discretion afforded to the INS by the Regulations. Therefore, it would be inappropriate for the Court to grant Plaintiffs' request for writ of mandamus under the circumstances of this case. Accordingly, the Court finds that Plaintiffs' case should be dismissed.

### III. CONCLUSION.

Defendants' Motion to Dismiss[4] is **GRANTED,** and the case is hereby **DISMISSED WITH PREJUDICE.** Plaintiffs' Motion for default judgment[5] is **DENIED** as moot.

**IT IS SO ORDERED.**

---

4. Pleading number 19, filed on September 8, 1994.

5. Pleading number 9, filed on August 15, 1994.