**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY RAYMOND RAMUS,

Petitioner-Appellant,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent-Appellee.

No. 96-1482
(District of Colorado)
(D.C. No. 96-N-630)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **PORFILIO,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gregory R. Ramus appeals the dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Ramus alleged that the United States Immigration and Naturalization Service ("USINS") intended to deport him at the conclusion of his prison term and sought *de novo* judicial review of that decision.[1] Acting on the Report and Recommendation of a magistrate judge, the district court dismissed Ramus' § 2241 petition for lack of jurisdiction because Ramus was not in custody of the respondent USINS.[2] This court exercises jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253 and affirms.[3]

Because Ramus is not in custody of the USINS, the district court correctly determined that it was without jurisdiction to review his claims. 28 U.S.C. § 2241(c) (providing that a § 2241 habeas petition will not issue unless the

---

[1]Ramus specifically disclaimed any attack on "his present sentence" of incarceration.

[2]This court notes that although Ramus is currently incarcerated at a Federal Correctional Institution in Englewood, Colorado, he is not subject to the prisoner litigation provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-132, 110 State 1214 (April 24, 1996). *McIntosh v. United States Parole Comm'n*, Slip Op. at 3 (10th Cir. June 6, 1997) (holding that "§ 2241 habeas corpus proceedings are not 'civil actions' as contemplated by 28 U.S.C. § 1915"). Accordingly, the district court order of November 9, 1996, imposing fees pursuant to the PLRA is hereby **VACATED**.

[3]Because Ramus brought this petition pursuant to 28 U.S.C. § 2241, this court need not determine whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (holding that no certificate of appealability is required where appellant is federal prisoner an appeal is from final order denying § 2241 petition).

petitioner is in custody). Furthermore, as aptly noted by the magistrate judge, the mere fact that a USINS detainer has been lodged against Ramus does not subject Ramus to USINS custody. *Galavis-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).

The judgment of the United States District Court for the District of Colorado is hereby **AFFIRMED** for substantially the reasons stated in the magistrate judge's Report and Recommendation dated April 1, 1996, and the district court Order dated September 18, 1996.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge