his appeal.[2]

**Elmer MORALES, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

**No. 01–1441.**

United States Court of Appeals, Tenth Circuit.

Dec. 20, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT** *

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

■ Elmer Morales appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 habeas petition. He also seeks permission to proceed on appeal *in forma pauperis.* We **grant** his request to proceed *in forma pauperis* and **affirm** the district court.[1]

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1.** Although Morales is a state prisoner, he does not need a certificate of appealability to appeal the district court's dismissal of his § 2241 petition. *See Montez v. McKinna,* 208 F.3d 862, 867 n. 6 (10th Cir.2000) ("[A] state prisoner seeking to challenge a detainer filed

■ In his § 2241 petition, Morales sought to challenge the INS' decision to file a detainer with the state prison officials holding him. Citing to this court's decision in *Galaviz–Medina v. Wooten,* 27 F.3d 487, 493 (10th Cir.1994), the district court concluded that it lacked jurisdiction over Morales' petition because the filing of an INS detainer does not place the petitioner "in custody" for purposes of § 2241.

> A detainer usually serves only as a notice to [ ] prison authorities that the INS is going to be making a decision about the deportability of the alien in the future. The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on liberty. Because there is no actual claim to the alien following the completion of his sentence, there is no custody.

*Id.* at 493. *Galaviz–Medina* made clear, however, that if the detainer were coupled with an order of deportation, the "in custody" requirement of § 2241 would be met. Morales concedes in his appellate brief that the INS has not issued an order of deportation. Thus, under *Galaviz–Medina,* the INS detainer does not place him in custody for purposes of § 2241. Accordingly, the district court correctly concluded that it lacked jurisdiction over Morales' § 2241 petition.

The judgment of the United States District Court for the District of Colorado is hereby **AFFIRMED.**

by a federal agency does not need a COA to proceed on appeal.").