**Fabio SPACCAROTELLA, Petitioner,**

v.

**Carol JENIFER, James Ziegler, and John Ashcroft, Respondents.**

**No. CIV.01–40341.**

United States District Court, E.D. Michigan, Southern Division.

May 24, 2002.

Nancy A. Abraham, U.S. Attorney's Office, Flint, MI, for Respondents.

### OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Petitioner's motion for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 [docket entry 1]. The Court held a hearing on this matter on May 22, 2002. For the reasons set forth below, the Court shall deny Petitioner's motion.

Petitioner was born a citizen of Italy, but he has lived in the United States since early childhood as a permanent resident.[1] On May 24, 2000, Immigration and Naturalization Service (INS) authorities detained Petitioner, and began removal proceedings against him, because of his prior criminal convictions. On December 7, 2001, Petitioner filed a motion for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 18, 2001, this Court ordered Petitioner's deportation stayed pending further orders from this Court.

An immigration judge has found Petitioner removable. On January 9, 2002, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal of the immigration judge's order. On February 8, 2002, Petitioner brought an action in the United States Court of Appeals for the Sixth Circuit pursuant to 8 U.S.C. § 1252(b). Proceedings before that Court are ongoing.

Petitioner claims that the INS is wrongly detaining him pursuant to 8 U.S.C. § 1226(c), also known as § 236(c) of the Immigration and Nationality Act. Petitioner maintains that the INS's detention of him violates both the substantive and procedural aspects of the Due Process Clause of the Fourteenth Amendment. He seeks an order releasing him from INS custody.

Respondents argue that Petitioner is actually detained, properly, pursuant to 8 U.S.C. § 1231(a). Respondents continue to seek Petitioner's deportation and request that this Court vacate its order staying Petitioner's deportation.

An alien in federal custody pending deportation may challenge the constitutionality of his confinement pursuant to 28 U.S.C. § 2241. *See Galaviz–Medina v. Wooten*, 27 F.3d 487, 489 (10th Cir.1994). In his motion for habeas relief, Petitioner puts forth three issues. Those issues are whether: (1) exhaustion of administrative remedies is required in the present case; (2) § 1226(c)'s mandatory-detention provision violates Petitioner's "substantive" due process rights; and (3) § 1226(c)'s mandatory-detention provision violates Petitioner's "procedural" due process rights. The first issue is moot in light of the BIA's dismissal of Petitioner's appeal on January 9, 2002.

The Court now turns to Petitioner's challenge of § 1226(c). Section 1226(c) requires detention of an alien pending the outcome of removal proceedings. As Petitioner correctly notes, several courts have

---

1. Petitioner is arguing that he is a U.S. citizen before the Sixth Circuit. Nonetheless, he has represented to this Court that he is a "lawful permanent resident" of the United States. (Pet'r Br. at 2.)

held the mandatory-detention provisions of § 1226(c) unconstitutional as applied to aliens who are, like Petitioner, permanent residents of the United States. *See Serrano v. Estrada*, No. 3–01–CV–1916–M, 2002 WL 485699, at *2–4 (N.D.Tex. Mar.6, 2002) (discussing cases). These courts reason that aliens who are lawful permanent residents are "entitled to an individualized determination and fair procedures guaranteed by the Due Process Clause of the Fifth Amendment before [they are] held without bail pending the entry of a final order of removal." *Id.*

Respondents contend that, because the BIA's January 9 decision renders final the removal proceedings, Petitioner is no longer detained under § 1226(c). Instead, maintain Respondents, the INS detains Petitioner under 1231(a). Section 1231(a) governs the detention of an alien following the entry of a final removal-order. Because Petitioner does not challenge § 1231(a)'s validity, argue Respondents, this Court should deny Petitioner relief.

■ Respondents are correct. The BIA's dismissal of Petitioner's appeal of the removal order on January 9, 2002 renders the order of removal final, *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1276 (11th Cir. 2001); *Jaffer v. Reno*, No. 99 C 0836, 2000 WL 86652, at *4 (N.D.Ill. Jan.19, 2000), and dictates that the INS is holding Petitioner pursuant to § 1231(a), *see Cinguemani v. Ashcroft*, No. 00–CV–1460 (RJD), 2001 WL 939664, at *6 (E.D.N.Y. Aug.16, 2001). Because Petitioner does not challenge the validity of § 1231(a), he has adduced no relevant argument as to why he is entitled to habeas relief. This Court shall, accordingly, deny Petitioner's motion for habeas relief and vacate its order staying Petitioner's deportation.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that this Court's stay of Petitioner's deportation is **VACATED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 [docket entry 1] is **DENIED.**

**SO ORDERED.**