**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES ELUG FONGE,

   Petitioner - Appellant,

   v.

MICHAEL COMFORT, Acting
District Director, United States
Immigration and Naturalization
Service, Denver, Colorado, and all/any
other person have me in custody,

   Respondent - Appellee.

No. 02-1400
(D. Ct. No. 99-RB-1348)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY**, and **HOLLOWAY**, Circuit
Judges.

   After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se petitioner-appellant Charles E. Fonge[1] appeals the district court's August 29, 2002, denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking relief from a final order of removal issued by the Board of Immigration Appeals ("BIA").  We exercise jurisdiction pursuant to 8 U.S.C. § 1105a [2] and  28 U.S.C. § 2241 and DISMISS the petition.

I.    Background

Fonge filed this habeas petition in the United States District Court for the District of Colorado under 28 U.S.C. § 224.  The district court denied Fonge's petition on August 29, 2002, concluding that it lacked subject matter jurisdiction because Fonge had failed to exhaust his administrative remedies.  Additionally, the district court held that Fonge had failed to state a claim upon which relief could be granted for two reasons:  (1) the rescission of Fonge's legal permanent

---

[1] Initially, we note that we grant petitioner's motion to proceed in forma pauperis.

[2] Before 1996, we had jurisdiction to review final deportation orders under 8 U.S.C. § 1105a.  In 1996, however, this provision was repealed by the Illegal Immigration Reform & Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009.  Although IIRIRA repealed Section 1105a, it remains substantially in effect in those cases subject to IIRIRA's transitional rules.  Because Fonge's first deportation proceeding commenced prior to April 1, 1997, the effective date of IIRIRA   , and his final order of deportation was entered after October 30, 1996, any challenge to this deportation is governed by pre-IIRIRA rules.  Similarly, because the INS commenced the second deportation proceeding against petitioner before April 1, 1997, and because the agency's final deportation order was entered after October 31, 1996, both the second deportation order and the rescission of his LPR status are governed by the pre-IIRIRA rules as amended by the transitional rules.    Woldemeskel v. I.N.S.   , 257 F.3d 1185, 1187 n.1 (10th Cir. 2001).

resident ("LPR") status in 1993 was irrelevant to the issue of his present exclusion; and (2) Fonge's attempt to remain in the United States was futile due to his prior criminal conviction for "falsely claiming citizenship."[3]

Fonge then appealed to this court, challenging the following actions: (1) the first deportation order, entered in 1990; (2) the rescission, allegedly without notice, of Fonge's LPR status in 1993; and (3) the second deportation order, entered in 1996, which became a final order on December 18, 1997.[4] While Fonge's habeas petition was still pending before this court, the INS deported Fonge to Cameroon, West Africa. All other relevant facts are set forth in the district court's order.

---

[3] On July 3, 1990, Fonge pleaded guilty and was convicted of falsely claiming United States citizenship in violation of 18 U.S.C. § 911. The district court relied upon 8 U.S.C. § 1182(a)(6)(C)(ii) in reaching its conclusion that Fonge's attempt to remain in the United States was futile. Section 1182(a)(6)(C)(ii)(I) provides: "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible."

[4] Fonge's application for habeas relief consists of over 400 handwritten pages, excluding exhibits. To the extent the petitioner attempts to allege other claims, such claims are not cognizable under the facts alleged in the application. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."). Moreover, it is not the Court's duty to search through hundreds of pages of redundant and often irrelevant material to ascertain potential claims the petitioner might have brought. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995).

## II.    Discussion [5]

### A.    Standard of Review

As a preliminary matter, we note that we must liberally construe the pleadings of a pro se plaintiff. Haines v. Kerner, 404 U.S. 519, 520 (1972). We review a district court's dismissal for lack of subject matter jurisdiction de novo. Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000). Further, the sufficiency of a complaint under Rule 12(b)(6) is a question of law, which we review de novo. Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A court considering a Rule 12(b)(6) motion must not weigh potential evidence; instead, we accept all well-pleaded allegations as true and view them in the light most favorable to the nonmoving party. Id. A court may not grant a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (internal quotation marks omitted).

### B.    Analysis

We must initially examine two jurisdictional issues to determine whether

---

[5] IIRIRA repealed and reorganized many of the provisions of the United States Code relevant to this case. Because prior law remains in effect for cases governed by IIRIRA's transitional rules, where it is appropriate we cite to the sections in effect prior to the amendments.

we can entertain Fonge's appeal.  First, we must decide whether the district court properly exercised subject matter jurisdiction under section 2241.  Second, we must determine whether Fonge's recent deportation rendered his habeas petition moot.

Concerning the former, prior to the enactment of IIRIRA, federal courts clearly had jurisdiction over § 2241 habeas petitions like those brought by petitioner.  See Galaviz-Medina v. Wooten, 27 F.3d 487, 491-92 (10th Cir. 1994).  IIRIRA's transitional rules do not alter our jurisdiction over § 2241 petitions.  See Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1146 (10th Cir. 1999); see also Ho v. Greene, 204 F.3d 1045, 1050-51 (10th Cir. 2000), overruled in part by Zadvydas v. Davis, 533 U.S. 678 (2001).

Regarding the latter, we have previously held that deportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences.  Tapia Garcia v. I.N.S., 237 F.3d 1216, 1217-18 (10th Cir. 2001).  In this case, however, Fonge failed to advance any argument regarding collateral consequences, and even though he appears pro se, we cannot make his argument for him.

Further, we agree with the district court's conclusion that Fonge's appeal is futile.  Under 8 U.S.C. § 1182(a)(6)(C)(ii),      [6] "[a]ny alien who falsely represents,

---

[6] Here, we cite to current law regarding the "inadmissibility" of aliens.

or has falsely represented, himself or herself to be a citizen of the United States

for any purpose or benefit under this chapter (including section 1324a of this

title) or any other Federal or State law is inadmissible." Based on Fonge's earlier

conviction under 18 U.S.C. § 911, which makes it unlawful to "falsely and

willfully represent[] [oneself] to be a citizen of the United States," he is clearly

inadmissible under section 1182(a)(6)(C)(ii). Thus, Fonge is not admissible for

reasons wholly separate from the bases underlying the earlier deportation orders,

which precludes this court from granting him reentry .[7]

---

[7] We also note that, to the extent we were to consider the correctness of the deportation orders in this case, it is clear from the record that Fonge was properly adjudged "excludable." Under the law applicable at the time, a previously removed alien was "excludable," if she (1) "ha[d] been arrested and deported" and (2) "[sought] admission within 5 years of the date of such deportation or removal" without the consent of the Attorney General. 8 U.S.C. § 1182(a)(6)(B). The record clearly supports the conclusion that Fonge violated section 1182(a)(6)(B). Further, as the immigration judge noted during the December 8, 1997, hearing, Fonge was also excludable under 8 U.S.C. § 1182(a)(6)(C)(i), based on the representations he made to the INS in his November 11, 1994, I-90 Form.

### III. Conclusion

Based on the foregoing, we DISMISS the petition. All other outstanding motions are denied.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge