**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LUIS GARCIA-GARCIA;
ALEJANDRO REYES MONDRAGON;
RAFAEL ARAGON-GONZALES, et al.
and the class of similarly situated aliens,

      Petitioners - Appellants,

v.

MICHAEL COMFORT, District
Director, Immigration and
Naturalization Service; MICHAEL
GARCIA, Acting Commissioner,
Immigration and Naturalization Service;
JOHN ASHCROFT, Attorney General
of the United States; THOMAS
DALESSANDRI, Sheriff of Garfield
County; JUDGE THOMAS W.
OSSOLA; JUDGE T. PETER CRAVEN;
JUDGE J.E. DEVILBLISS,

      Respondents - Appellees.

No. 02-1057
(D.C. No. 01-Z-1498)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Luis Garcia-Garcia, Alejandro Reyes-Mondragon, and Rafael Aragon-Gonzales filed a petition for habeas relief under 28 U.S.C. § 2241, which permits challenges to conditions of federal custody. They brought suit against three Colorado state court judges, the Sheriff of Garfield County, Colorado, the District Director of the INS, the Commissioner of the INS, and the Attorney General of the United States. Petitioners had previously agreed in open court to dismiss the three state court judges and the Sheriff of Garfield County from the case.[1]

The district court dismissed petitioners' filings for habeas relief under § 2241 because (1) none of the petitioners were in federal custody when the petitions were filed, and (2) the petitions became moot upon their release from custody after posting state and federal bail. In addition, it dismissed the Sheriff of Garfield County and the state court judges from the case as per the parties' prior agreement. We agree with the district court that Garcia-Garcia, Reyes-Mondragon, and Aragon-Gonzales were not in federal custody when their petitions were filed, and so need not reach the issue of mootness. We also affirm

---

[1] The Sheriff of Garfield County also filed two motions to dismiss petitioners' instant appeal for failure to file in a timely way, but we do not find that this has prejudiced his ability to respond and will therefore deny the motions.

the district court's order dismissing the Sheriff of Garfield County and the judges from the suit.

Garcia-Garcia, Reyes-Mondragon, and Aragon-Gonzales are citizens of Mexico who entered the United States illegally and were arrested separately for state crimes in Colorado. They all were held in the Garfield County, Colorado jail. The Immigration and Naturalization Service (INS) informed the Garfield County jail that it had initiated an investigation into their presence in the country and filed a detainer requesting custody whenever petitioners were released from the Colorado system. The detainer filed by the INS was for notification purposes only and requested that the state not limit its "discretion in any decision affecting the offenders' classification, work and quarters assignment." (INS Detainer, ROA App. 25.) The detainer thus was in no way to affect the length of time the petitioners spent in state custody or the terms under which they were held; rather it expressed the INS's desire to obtain custody when they were released by the state and requested notice of when that would happen. (See id.)

Petitioners allege, nonetheless, that their prosecution files were stamped with "INS Hold, not subject to bail" by state authorities and obliquely suggest without elaboration or citation that this stamp may have contributed to or prolonged their state detention. The record, though, contradicts this version of events. The petitioners filed their § 2241 petitions for habeas relief while being

held at the Garfield County jail. At an initial hearing on their § 2241 petitions, the district court corrected any possible misimpression that a federal detainer might impact a state's process of determining bail. The judge informed the petitioners that they were entitled to request bail from state and then federal authorities. The petitioners subsequently posted bail in the state courts, were surrendered to the INS, and posted bail again in federal proceedings. As of their next appearance in federal court, the petitioners were free on their own recognizance.

In reviewing this appeal, we initially note that, once the petitioners agreed to dismiss the three state court judges and the Sheriff of Garfield County from the suit, the only remaining parties were federal and there are no particulars alleged that the federal government caused any of the alleged injuries to the petitioners. The federal government did not stamp the petitioners' state prosecution files or itself unlawfully hold the petitioners in detention. The petitioners' allegations do not support a suit against the federal government. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (finding that, to establish standing, "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before

the court.'") (citation omitted). We could dismiss the petitioners' suit for lack of standing on this ground alone but will address another issue as well. See id.

Petitioners must be in federal custody at the time of filing to be granted habeas relief under § 2241. Maleng v. Cook, 490 U.S. 488 (1989); 28 U.S.C. § 2241. It is uncontested from the record that petitioners were in the Garfield County, Colorado jail when they filed their § 2241 petitions.

Garcia-Garcia, Reyes-Mondragon, and Aragon-Gonzales proffer two arguments why their presence in the Garfield County jail should be considered federal custody. First, they assert that the presence of the INS detainer should alter the classification of their custody from state to federal. We have squarely rejected this argument in the past. As we wrote in Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994), with a detainer "there is no actual claim to the alien following the completion of his [contact with the state system], [so there can be] no custody [for purposes of § 2241]."[2] Id. at 493 (citing Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990), Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990), and Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). A federal INS detainer without an order of deportation has no impact on the length of time

_____

[2] Galaviz-Medina did acknowledge that if there were a final order of deportation in conjunction with the detainer that the detainee might be viewed as being held in federal custody. Galaviz-Medina, 27 F.3d at 493. However, in this case there is no allegation that the INS had obtained a final order of deportation against the petitioners during the pendency of the detainer.

or the terms under which a state holds individuals, so it cannot transform petitioners' custody in local jail from state to federal.  See generally id.

Second, petitioners attempt to establish that they were in federal custody by reference to 8 U.S.C. § 1226(c), the statute that governs INS detention of aliens. But that statute is inapplicable to their case.  Title 8 U.S.C. § 1226(c) mandates that the Attorney General take certain illegal aliens into custody.[3]  Being taken into custody by the INS usually means detention in an INS facility or in a non-Service facility approved by its Jail Inspection Program or under contract with the INS.[4]  At the time petitioners filed under § 2241, they were being held in Garfield County, Colorado jail and they make no representation that the facility had been approved by the INS's Jail Inspection Program or was under contract with the INS to hold them.  They also cite no law or source establishing a facility's relationship with the INS outside of these provisions.

Accordingly, petitioners cannot establish that they were in federal custody as necessary to be granted relief under § 2241.  We DENY the Sheriff's

---

[3]  See 8 U.S.C. § 1226(c)(1) ("[The] Attorney General [of the United States] shall take into custody any alien who . . . [is deportable.]").

[4]  See, e.g., Immigration and Naturalization Service Regulations, 8 C.F.R. § 235.3(e) (2002) ("Whenever an alien is taken into Service custody and detained at a facility other than at a Service Processing Center, the public or private entities contracted to perform such service shall have been approved for such use by the Service's Jail Inspection Program or shall be performing such service under contract in compliance with the Standard Statement of Work for Contract Detention Facilities.").

procedural motions to dismiss this appeal.  For substantially the reasons stated by the district court, we AFFIRM its denial of Garcia-Garcia, Reyes-Mondragon, and Aragon-Gonzales's petitions for relief under § 2241.  We also AFFIRM the district court's order dismissing the Sheriff of Garfield County and the state court judges from the suit as per the parties' prior agreement.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge