IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-30370
Summary Calendar

———————————

WELTON ZOLICOFFER,

                                        Petitioner-Appellant,

versus

UNITED STATES DEPARTMENT
OF JUSTICE; FEDERAL BUREAU OF PRISONS;
IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondents-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
--------------------
January 7, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

     This appeal presents us with an issue of first impression: does a detainer issued by the Immigration and Naturalization Service (INS) render a prisoner "in custody" for purposes of 28 U.S.C. § 2241?  Because we determine that it does not, we affirm the district court's dismissal of Welton Zolicoffer's petition, albeit on different grounds.

     Zolicoffer, a federal prisoner, appeals in forma pauperis the dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief challenging the INS's issuance of a detainer.  He is

currently serving his sentence for his conviction of conspiracy to possess with the intent to distribute cocaine. After the INS placed a detainer on him, Zolicoffer filed his 28 U.S.C. § 2241 petition in the U.S. District Court for the District of Columbia, arguing, among other things, that the court had jurisdiction to compel the Attorney General to correct its records to show that he is a U.S. citizen. The District of Columbia court transferred Zolicoffer's request to have the detainer against him lifted to the district court for the Western District of Louisiana, where the detainer was issued.

The magistrate judge issued a report and recommendation, stating that Zolicoffer appeared to be arguing that he was a derivative citizen but failed to provide any facts concerning the manner in which he alleged he derived his citizenship. The magistrate judge also found that the court lacked jurisdiction to pronounce him a citizen and that the court was without jurisdiction to order the INS to remove its detainer against him under 8 U.S.C. § 1252(g). Accordingly, the magistrate judge recommended denying Zolicoffer's petition. Over Zolicoffer's objections, and after de novo review, the district court denied and dismissed with prejudice the habeas petition. Zolicoffer filed a timely notice of appeal.

Because Zolicoffer is proceeding under 28 U.S.C. § 2241, he is not required to obtain a certificate of appealability to proceed on appeal. See Ojo v. INS, 106 F.3d 680, 681-82 (5th

Cir. 1997). We review de novo the district court's legal conclusions on jurisdiction. See Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 302 (5th Cir. 1999).

Although the district court did not discuss whether habeas jurisdiction existed as to the INS, based on the issuance of the detainer, this court is under a continuing duty to inquire into the basis of jurisdiction. See Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 n.2 (5th Cir. 1987). For a court to have habeas jurisdiction under section 2241, the prisoner must be "in custody" at the time he files his petition for the conviction or sentence he wishes to challenge. See Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000). "Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction." Id.

"Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992). We have not previously considered the precise issue presented, i.e., whether the filing of a detainer alone places the petitioner in INS custody for habeas purposes. We have, however, implied that we would follow the majority rule of other circuits that prisoners are not "in custody" for purposes of the habeas

statutes merely because the INS has lodged a detainer against them.  See Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992).

Most of the circuit courts that have considered the question have held that a detainer does not place a prisoner in "custody" for purposes of habeas proceedings.  See Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995)(detainer letter alone does not sufficiently place an alien in INS custody for habeas purposes); Galaviz-Medina v. Wooten,  27 F.3d 487, 493 (10th Cir. 1994)(because prisoner had a detainer plus a final order of deportation against him, he was in INS "custody" for habeas purposes); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(filing of detainer, standing alone, did not cause the prisoner to come within INS custody); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989)(filing of an INS detainer with prison officials does not constitute the requisite "technical custody" for purposes of habeas jurisdiction); but see Vargas v. Swan, 854 F.2d 1028, 1032-33 (7th Cir. 1988)(remanding for a determination whether an INS detainer would be treated as a simple notice of INS interest in a prisoner or as a request to hold the inmate after his sentence until the INS could take him into custody).

This court agrees with the majority of the circuit courts considering this issue and holds that prisoners are not "in custody" for purposes of 28 U.S.C. § 2241 simply because the INS

has lodged a detainer against them.  Zolicoffer does not contend that the INS actually has ordered his deportation or that there is some other reason that he should be considered to be in the custody of the INS.  Cf. Galaviz-Medina, 27 F.3d at 493.  Therefore, the district court's judgment that it did not have jurisdiction is AFFIRMED, albeit on different grounds.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).