**Istvan KELE, Petitioner–Appellant,**

v.

**John ASHCROFT, Respondent–
Appellee.**

**No. 02–2263.**

United States Court of Appeals,
Second Circuit.

April 24, 2003.

Molly Corbett, for Alexander Bunin, Federal Public Defender, Districts of Northern New York & Vermont (Molly Corbett, on the brief), Albany, New York, for Appellant.

Barbara D. Cottrell, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York (David M. Grable, Assistant United States Attorney, on the brief), Albany, New York, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the sentence of the district court is hereby AFFIRMED.

Petitioner–Appellant, Istvan Kele, appeals from the dismissal of a petition for habeas corpus he brought under 28 U.S.C. § 2241. The case arises from Kele's attempt to return to the United States after having been deported in 2001. Kele is currently being held awaiting trial for illegal reentry. If convicted, he might be subject to a sentence of up to twenty years' incarceration. *See* 8 U.S.C. § 1326. In the district court, Kele argued that the removal proceedings that had resulted in his deportation had been brought illegally by the INS and that, alternatively, before his removal, he should have been granted an opportunity for relief from deportation under former 8 U.S.C. § 1182(c), pursuant to the Supreme Court's holding in *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

We do not reach the merits of Kele's claims. The habeas petition represents a collateral attack on a removal order that was executed some years ago. While that order may be argued to be invalid in a motion to dismiss Kele's illegal reentry indictment or as a defense at trial pursuant to 8 U.S.C. § 1326(d), provided the requirements of that subsection are met, whether Kele may, at this time, bring a habeas action against the INS depends, *inter alia,* a) on whether he is in the custody of the INS and b) on whether his claims, as against the INS, are ripe.

There is nothing in the record before us that establishes that Kele is in the direct custody of the INS rather than the Marshals Service as the government asserts.

Nor is there anything in the record that establishes that Kele is under a current removal order, either new or reinstated. There is a detainer, but we do not need to reach the question of the significance of the detainer, an issue that has divided the circuits, *compare Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538 (5th Cir.2003), *with Vargas v. Swan*, 854 F.2d 1028 (7th Cir.1988), because, at the moment, any question as to whether Kele can be deported if and when the criminal action against him is resolved and any resulting sentence is served is not ripe. *See Simmonds v. INS*, 326 F.3d 351 (2d Cir. 2003).

In this respect we note that, on appeal, counsel for Kele has suggested that but for the INS detainer, Kele might be out on bail. Whatever the merits of this assertion (and the government strenuously denies it), there is nothing in the record showing that the issue was ever raised to the court below or the facts relevant to it established in that court. Under the circumstances, we cannot say that the district court's refusal to consider habeas was erroneous.

We have considered all of Appellant's arguments and find them meritless. We therefore AFFIRM the order of the district court dismissing Kele's petition.