United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

------

**No. 03-20418
Summary Calendar**

------

**EUGENIO VELA LUEVANO,**

**Petitioner-Appellant,**

**versus**

**BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondent-Appellee.**

------

**Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-4315)**

------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eugenio Vela Luevano, federal prisoner number 80990-079, appeals the dismissal of his 28 U.S.C. § 2241 petition by which he challenged a 1998 removal order. Luevano is serving a 78-month sentence for illegal reentry after deportation, for which he was convicted on 10 April 2000.

The district court held that it lacked subject matter jurisdiction for Luevano's § 2241 petition because: (1) Luevano is not under order of removal and therefore is not in custody of the

------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration and Naturalization Service; and (2) Luevano did not exhaust his administrative remedies. We review *de novo* a district court's rulings on jurisdiction. *E.g., **Zolicoffer v. United States Dep't of Justice***, 315 F.3d 538, 540 (5th Cir. 2003).

Leuvano insists that he is in custody pursuant to a prior deportation order because the INS may reinstate the order of removal. Leuvano has not demonstrated error in the district court's determination that he failed to meet the "in custody" requirement for purposes of 28 U.S.C. § 2241 jurisdiction. Our court has held: "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge". ***Zolicoffer***, 315 F.3d at 540. Luevano is in custody for the conviction on illegal reentry; he is not in custody of the INS for the purposes of challenging the order of deportation.

Finally, Luevano has abandoned the exhaustion issue by failing to adequately brief his claim that he exhausted his administrative remedies. *See **Yohey v. Collins***, 985 F.2d 222, 225 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

***AFFIRMED***

2