

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Green v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Green v. Apker" (2005). *2005 Decisions.* Paper 392.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/392

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2456
_____

DAVE GREEN,

Appellant

v.

CRAIG APKER,
Warden, LSCI-Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-CV-00780)
District Judge:  Honorable James F. McClure

_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before:  SLOVITER, BARRY AND FISHER, Circuit Judges.

(Filed:  October 17, 2005)
_____

OPINION
_____

PER CURIAM

    Dave Green appeals from an order of the United States District Court for the

Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus

without prejudice, and from an order denying his motion for reconsideration. We will affirm.

Green is a native and citizen of Jamaica who entered the United States in October of 2002 as a nonimmigrant visitor. Green was arrested in March, 2003, extradited to Florida and placed in a federal correctional facility. He pleaded guilty to a charge of conspiracy to import a Schedule II controlled substance and was sentenced to 78 months in prison. He is currently serving his sentence at LSCI-Allenwood. According to Green, the Bureau of Immigration and Customs Enforcement (BICE) lodged a detainer against him on October 2, 2003. (Pet. at 3.)

Green filed a petition for a writ of habeas corpus on April 18, 2005. In his petition, Green seeks to challenge his pretrial detention and his conviction because he was not informed of his right to consular access under the Vienna Convention on Consular Relations. He also alleges that the BICE detainer lodged against him is invalid because it is based on an unlawful conviction. He further asserts that the BICE detainer precludes him from participating in various rehabilitative and early-release programs offered by the Bureau of Prisons in violation of his rights under the Equal Protection Clause. The District Court also generously construed Green's petition as raising a claim under INS v. St. Cyr, 533 U.S. 289 (2001).[1] Green requests immediate release from custody or an

---

[1]To the extent Green raised a claim pursuant to St. Cyr, we agree for the reasons stated by the District Court that Green is not eligible for relief on such a claim.

2

order remanding and/or vacating the indictment and conviction against him, as well as an order enjoining any further detention.

The District Court summarily dismissed Green's petition on the ground that he cannot proceed under 28 U.S.C. § 2241. The District Court advised Green that his available remedy, if any, was a motion to vacate his sentence filed in the sentencing court under 28 U.S.C. § 2255.[2] Green filed a motion for reconsideration, arguing that he could proceed under § 2241 because § 2255 was inadequate and that failing to allow him to proceed would result in a suspension of the writ. The District Court denied the motion for reconsideration and Green appeals.

To the extent that Green seeks to challenge his underlying conviction, we agree with the District Court that Green must proceed, if at all, under § 2255. A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997).

We have previously explained that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would

---

[2]The District Court did not mention Green's challenge to the BICE detainer to the extent he claims it violates his right to Equal Protection.

3

prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because the petitioner is unable to meet certain procedural requirements, such as the one-year period of limitation or the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Id. at 539. Rather, § 2255 is inadequate or ineffective, for example, in the "rare situation" where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

Green's situation is not the rare one rendering § 2255 inadequate or ineffective. His challenge to his conviction implicates no intervening change of law or other event such that the crimes to which he pleaded guilty are "non-criminal." Accordingly, the District Court properly ruled that Green may not challenge his underlying conviction under § 2241.[3] See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (petitioner may not bring claim under the Vienna Convention under § 2241, even where he has filed a previously unsuccessful § 2255 motion).

To the extent Green seeks to challenge the BICE detainer lodged against him, we conclude that the District Court lacked jurisdiction to consider such a challenge. In order

---

[3]We express no opinion on the merits of Green's claim based on the Vienna Convention. We note only that it is unclear whether Green has any privately enforceable right or cognizable claim at all under the consular notification provisions of the Vienna Convention. See Medellin v. Dretke, 125 S. Ct. 2088, 2090-91 (2005) (dismissing writ of certiorari as improvidently granted).

4

to invoke habeas corpus jurisdiction under § 2241, Green must demonstrate that he is "in custody" pursuant to the detainer. See 28 U.S.C. § 2241. According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in BICE custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated. See Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Department of Justice, 315 F.3d 538, 541 (5th Cir. 2003). Even if Green were in BICE custody, he challenges the detainer on the sole ground that the conviction on which it is based is unlawful. Green has not established that his conviction is unlawful and cannot do so in the context of § 2241, as described previously.[4]

Finally, we consider Green's claim that his Equal Protection rights have been violated due to the BICE detainer lodged against him. Green asserts that the Bureau of Prisons does not allow him to participate in various rehabilitative and early-release programs based solely on the BICE detainer, and that only aliens are subject to a BICE detainer. Because this claim challenges the execution of Green's sentence, rather than the validity of it, he properly raised it in a § 2241 petition. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 1999). Nonetheless, this claim lacks merit. Prisoners who are ineligible

---

[4]Additionally, to the extent that Green wishes to challenge his pretrial detention under § 2241, he cannot do so at this time. Once Green pleaded guilty and was sentenced, his pretrial custody terminated for the purpose of habeas corpus jurisdiction.

to participate in these programs include non-aliens as well as aliens.  See McLean v.

Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

For the foregoing reasons, we will affirm the District Court's judgment.[5]

---

[5]We further hold that the District Court did not abuse its discretion in denying
Green's motion for reconsideration, which simply attempted to reargue the claims he
raised initially.

6