

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2009

# John Henry v. Michael Chertoff

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"John Henry v. Michael Chertoff" (2009). *2009 Decisions.* Paper 1736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-93                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3221
_____

JOHN HENRY,
Appellant

v.

SECRETARY MICHAEL CHERTOFF
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-01182)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2009

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Filed:  March 17, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

While serving a 262-month federal sentence for drug and firearms convictions,

John Henry filed an action under 42 U.S.C. § 1983, seeking to challenge an immigration

detainer on the ground that he is a United States citizen.  Henry sought declaratory,

injunctive, and monetary relief.  The District Court dismissed the complaint under 28

U.S.C. § 1915(e)(2)(B)(i).  Henry appealed.

Construing Henry's complaint liberally, it is best read as a habeas petition

challenging the detainer.[1]  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  In order to

invoke habeas jurisdiction, Henry must demonstrate that he was "in custody" pursuant to

28 U.S.C. § 2241(c)(3).  Custody is measured as of the time that the petition was filed.

See Chong v. Dist. Dir., Immigration and Naturalization Serv., 264 F.3d 378, 382-83 (3d

Cir. 2001).  When Henry filed his complaint in June 2008, he was serving his federal

criminal sentence.  See United States v. Henry, S.D. Fla. Crim. No. 93-cr-06107.  He

failed to demonstrate that he was being held pursuant to the detainer, that he was subject

to a final order of removal, or even that removal proceedings had been initiated.[2]  Under

these circumstances, we cannot conclude that Henry was "in custody."  See e.g.,

Zolicoffer v. United States Department of Justice, 315 F.3d 538, 541 (5th Cir. 2003)

("agree[ing] with the majority of the circuit courts considering this issue and hold[ing]

---

[1] "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution."  Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992).

[2]  It appears that Henry was released from Bureau of Prisons custody on August 22, 2008, but it is unclear whether he is being detained by the Bureau of Immigration and Customs Enforcement "(BICE)", or whether he is now subject to a final order of removal.  In the absence of evidence of a final order of removal, we will not convert Henry's complaint into a petition for review.  Cf. Nnadika v. Att'y Gen., 484 F.3d 626, 632 (3d Cir. 2007) (stating that "only challenges that directly implicate [an] order of removal . . . are properly the subject of transfer under the REAL ID Act.").

that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them."). Therefore, the District Court properly dismissed Henry's complaint.[3] The District Court's dismissal was without prejudice, and, if circumstances warrant, Henry may still appropriately challenge his detention and/or nationality status.

Because we conclude that there is no substantial question presented by this appeal, we will summarily affirm. Henry's Motion for a Permanent Injunction and Restraining Order is denied.

---

[3] To the extent that Henry sought damages, this form of relief would not be available in the context of a habeas petition. In any event, damages would not be available based on Henry's arguments regarding the detainer; as noted above, Henry was in custody pursuant to his federal criminal sentence when his complaint was before the District Court.