Socorro VILLELA, aka Socorro Hinojos Flores, Petitioner,

v.

Ana B. HINOJOSA, et al., Respondents.

No. EP–09–CV–444–DB.

United States District Court, W.D. Texas, El Paso Division.

July 22, 2010.

Lawrence E. Rushton, The Rushton Law Firm, Bellaire, TX, for Petitioner.

Gary L. Anderson, Assistant United States Attorney, San Antonio, TX, for Respondents.

### MEMORANDUM OPINION AND ORDER

DAVID BRIONES, Senior District Judge.

On this day, the Court considered Respondents Ana B. Hinojosa, et al.'s "Motion to Dismiss" ("Motion"), filed in the above-captioned cause on February 16, 2010. On February 25, 2010, Petitioner Socorro Villela filed an "Opposition to Defendants' Motion to Dismiss," to which Respondents replied on March 26, 2010. Petitioner filed a second opposition on April 12, 2010, to which Respondents replied on May 7, 2010. After due consideration, the Court is of the opinion that Respondents' Motion should be granted.

## BACKGROUND

In the instant case, Petitioner challenges her "expedited removal" from the United States ("U.S."). Petitioner was removed from the U.S. on three occasions. First, Petitioner was denied entry into New Mexico on June 15, 2008, and was processed for expedited removal pursuant to § 235(b)(1) of the Immigration and Nationality Act ("INA") ("June 15 removal"). On August 27, 2008, Petitioner was located in the U.S. attending a court proceeding and removed pursuant to INA § 212(a)(9)(A)(ii). On August 31, 2008, Petitioner again attempted reentry ("August 31 attempted reentry"), this time in Deming, New Mexico, and was held for criminal prosecution. On or about November 3, 2008, the U.S. District Court for the Western District of Texas filed an Order of Dismissal with Prejudice, and Petitioner was removed to Mexico.

During Petitioner's June 15 removal, she claimed that she was a citizen and native of Mexico. Indeed, at that time, a Mexican death certificate bearing Petitioner's name was presented to Petitioner, and Petitioner admitted her birth certificate actually belonged to Petitioner's deceased sister. Petitioner claimed that her parents had misled her about her identity, leading her to believe she was Socorro Hinojos–Flores, her deceased sister. Petitioner then admitted she did not have any documentation that would legally permit her entry into the U.S. Additionally, at the time of the August 31 attempted reentry, Petitioner acknowledged her June 15 removal and gave a sworn statement that she was born in and a citizen of Mexico. Petitioner was not referred to an Immigration Judge ("IJ").

Now, Petitioner challenges Respondents' finding that she is an alien and not a U.S. citizen. Petitioner claims to be a U.S. citizen by birth, born in Midland, Texas, in 1978. She claims to have witnesses that will corroborate her American citizenship. To explain her previous admissions, Petitioner avers that she was threatened with the seizure of her child if she did not admit to the veracity of "a still unpresented altered document" she alleges was provided to Customs and Border Protection ("CBP") by her abusive husband. The Petitioner's exact whereabouts are unknown to the U.S. Government. She is not in the custody of any U.S. agency.

On December 11, 2009, Petitioner filed her Original Complaint for Writ in the Nature of Habeas Corpus ("Petition") with the Court seeking a review of her removal. Petitioner requests the Court determine whether or not she is an alien and whether she was lawfully removed under 8 U.S.C. §§ 1225, 1252(e)(2) and INA §§ 235, 242(e)(2). The instant Motion followed.

## DISCUSSION

In the instant Motion, Respondents seek dismissal on grounds that the Court lacks jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In considering Respondents' Motion, the Court takes the factual allegations of Petitioner's Petition as true and resolves any ambiguities or doubts regarding the sufficiency of the claims in favor of Petitioner. *See Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). This standard applies to the Court's consideration of both a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. *Id.; Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2001). Because a motion to dismiss based on Rule 12(b)(1) attacks the Court's ability to make any determinations on the merits, the Court addresses the Rule

12(b)(1) argument before turning to Respondents' Rule 12(b)(6) argument. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001) (holding that "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits").

"Federal Courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Unless proven otherwise, it is presumed that the case is outside the scope of the district court's discretion. *Id.* As a result, the party asserting jurisdiction has the burden to prove that the court has subject matter jurisdiction over the controversy, and if the party does not meet this burden, Rule 12(b)(1) requires a court to dismiss the action. *Id.*

In their Motion, Respondents argue that this Court lacks subject matter jurisdiction over the instant case after passage of the Real ID Act of 2005 ("Real ID Act"). Petitioner responds that this Court has limited jurisdiction to hear the instant case pursuant to 8 U.S.C § 1252(e)(2) since Petitioner is filing a writ of habeas corpus asking the Court to review a determination that Petitioner is an alien.

The Real ID Act altered the way in which aliens may seek judicial review of administrative orders of removal. *Jean v. Gonzales,* 452 F.3d 392, 396 (5th Cir.2006). Under the Act, "a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means of judicial review of an order of removal." 8 U.S.C.A. § 1252(a)(5) (West 2005). "[T]he terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision...." *Id.* "[N]o court shall have jurisdiction, by ha-beas corpus ... or by any other provision of law ... to review such an order." 8 U.S.C.A. § 1252(b)(9). However, habeas review is still available in district courts for applicants challenging an expedited removal order under § 1225(b)(1), although this review is limited to three narrow circumstances. 8 U.S.C.A. § 1252(e)(2). These circumstance include: "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted" to the U.S. 8 U.S.C.A. § 1252(e)(2)(A)-(C).

Nevertheless, a writ of habeas corpus is "not available to review questions unrelated to the cause of detention." *Pierre v. United States,* 525 F.2d 933, 935 (5th Cir.1976). "Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935–36.

> [H]abeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or law or treaties of the United States.

28 U.S.C.A. § 2241(c)(1)-(c)(3) (West 2006). Release of the writ applicant from unlawful confinement is the unique purpose of the writ of habeas corpus. *Allen v. McCurry,* 449 U.S. 90, 98 n. 12, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). When the habeas relief a petitioner requests can no longer be granted, the case is moot. *See*

*Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir.1988).

■■ "For a court to have habeas jurisdiction under § 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States*, 315 F.3d 538, 540 (5th Cir.2003). " 'Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty....' " *Id.* (quoting *Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir.2000)). Physical detention "is no longer required for a petitioner to meet the custody requirement and obtain habeas relief." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir.2005). In short, other restraints on a person's liberty short of physical confinement may satisfy the habeas custody requirement. *Id.*

Moreover, the U.S. Court of Appeals for the Fifth Circuit ("Fifth Circuit") has held that final orders of deportation satisfy the "custody" requirement for a writ of habeas corpus. *Id.* In *Rosales v. Bureau of Immigration & Customs Enforcement*, the Fifth Circuit held that an alien subject to a final order of deportation satisfies the custody requirement under § 2241. *Id.* at 734. In *Rosales*, the petitioner, a former permanent resident of the U.S. from Mexico, had been convicted of an aggravated felony and incarcerated by the state of Texas when an IJ ordered him deported. *Id.* at 735. Consequently, once released from state prison, the government would need to detain the petitioner. *Id.* The Fifth Circuit held, therefore, that the gov-

ernment had "placed a significant restraint on [the petitioner's] liberty by issuing a final order of deportation against him," satisfying the custody requirement. *Id.* The Fifth Circuit's holding, however, applied to a case in which the petitioner would *continue* to be held by the Government. *See id.* at 735. The instant case is distinguishable.

■ Indeed, to satisfy the "custody" requirement for a habeas petition, "some concept of ongoing control, restraint, or responsibility by the custodian" must be present. *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir.2003). A petitioner who has already been removed from the U.S. at the time a petition is filed is " 'not subject to restraints not shared by the public generally that significantly confine and restrain [ ] freedom. [Such a petitioner] is subject to no greater restraint than any other non-citizen living outside American borders.' " *Kumarasamy v. Att'y Gen. of United States*, 453 F.3d 169, 173 (3d Cir. 2006) (*quoting Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir.2001)). "[A]n alien abroad who seeks entry into the United States must, at the very least, suffer some unique restraint that would, in light of historical precedent, constitute custody for the purposes of habeas jurisdiction." [1] *Samirah*, 335 F.3d at 550.

■ Here, Petitioner was not detained by any U.S. agency when she filed her Petition; nor is she detained now. Indeed, unlike in *Rosales*, Petitioner's removal has already been executed. Now that Petitioner's removal order has been executed

---

1. The Court notes that the U.S. Supreme Court has recognized in dicta that excluded aliens are "restrained by authority of the United States" and may, therefore, seek entry by habeas corpus. *Jones v. Cunningham*, 371 U.S. 236, 239–40, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The Court, however, follows the reasoning of the U.S. Court of Appeals for the Seventh Circuit, which, having distinguished *Jones*, limits an alien's ability to challenge his or her exclusion through habeas corpus proceedings only in instances where special restraints on the alien's liberty are present. *Samirah v. O'Connell*, 335 F.3d 545, 550 (7th Cir.2003).

and Petitioner has been removed from the U.S., Respondents have no further authority to detain her. Petitioner would only be detained again if caught attempting to reenter the U.S. or in the U.S. without permission, but that detention would not be pursuant to the challenged removal order.

Moreover, Petitioner, unlike a prisoner, does not lack freedom to *leave* confinement; instead, Petitioner argues that because she is not free to *return* to the U.S., the Government is exercising ongoing control over her person. *See Samirah*, 335 F.3d at 549. The Government's control over Petitioner ended, however, once her removal order was executed. The Government is no longer in a position to restrain Petitioner's liberty, and Petitioner is free to move about as she sees fit. Petitioner simply may not reenter the U.S. In this way, however, Petitioner is no different from any other alien to the U.S. around the world lacking the proper documentation to enter the U.S. Petitioner herself concedes that "any encounter with a government agency subjects her to possible removal from the United States." This statement only belies the fact that Petitioner is not currently subject to the Government's control or supervision and that should she in the future be arrested for reentry into the United States, her subsequent removal would not be pursuant to the removal order challenged in the instant case. Further, to accept Petitioner's argument would be tantamount to accepting that all aliens seeking entry into the U.S. are actually in U.S. custody. *See*

*Samirah*, 335 F.3d at 550. This simply is not so. Therefore, because the instant case can be distinguished from *Rosales*, and because Petitioner was already removed at the time she filed her Petition, the Court holds that Petitioner's executed removal orders do not satisfy the "custody" requirement for a habeas petition.[2] *See Zolicoffer*, 315 F.3d at 540. Since Petitioner is not in custody, she cannot bring a writ of habeas corpus. Petitioner has thus failed to prove that the Court has subject matter jurisdiction over the instant case, as was her burden. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. This being so, the instant case should be dismissed pursuant to Rule 12(b)(1). *See Id.* Consequently, the Court does not reach Respondent's Rule 12(b)(6) argument, nor does the Court address Petitioner's arguments as to any determination of alienage.

## CONCLUSION

For the reasons stated above, the Court finds that Petitioner's Petition must be dismissed for lack of subject matter jurisdiction. Contrary to Petitioner's contention, Petitioner is not "in custody," thereby negating the very existence of a writ of habeas corpus in the instant case. Accordingly, Respondents' Motion should be granted and the following orders should enter:

**IT IS HEREBY ORDERED** that Respondents Ana B. Hinojosa, et al.'s "Motion to Dismiss" is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner Socorro Villela's "Original Com-

---

**2.** Furthermore, no binding precedent exists in the Fifth Circuit where, as in the instant case, the petitioner's removal orders had already been executed and the petitioner was no longer subject to detention or supervised release by the Government. The Court's holding, however, is consistent with other appellate opinions finding that executed removal orders

do not satisfy the "custody" requirement for writs of habeas corpus. *See Kumarasamy v. Att'y Gen. of United States*, 453 F.3d 169, 173 (3rd Cir.2006); *Samirah*, 335 F.3d at 549; *Patel v. United States Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir.2003); *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir.2001).

plaint for Writ in· the Nature of Habeas Corpus" is **DISMISSED WITH PREJU-DICE.**

**IT IS FINALLY ORDERED** that all other pending motions, if any, are **DE-NIED AS MOOT.**