# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 09-11084
Summary Calendar

Lyle W. Cayce
Clerk

GERARDO BAZALDUA ALVARADO,

Petitioner-Appellant

v.

ERIC HOLDER, ATTORNEY GENERAL,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1707

Before DEMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gerardo Bazaldua Alvarado, Texas prisoner # 1267940, appeals in forma pauperis the dismissal of his 28 U.S.C. § 2241 petition, challenging his 1998 order of removal. Alvarado contends that his 1998 order of removal is invalid in light of *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir 2001), and, therefore, should be vacated. Alvarado also contends that this court has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction over his § 2241 petition and "that he is being detained unlawfully by" Immigration and Customs Enforcement (ICE).[1]

This court reviews de novo the district court's legal conclusions on jurisdiction. *Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Id.*

The issuance of a detainer does not place Alvarado "in custody" for purposes of § 2241. *Id.* at 540-41. As Alvarado was not in custody, the district court did not have jurisdiction under § 2241 to challenge the detainer. Furthermore, "the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005). When and if a final order of removal is entered against Alvarado, his sole means of obtaining judicial review of that order would be to file a petition for review in the appropriate court of appeals. *See id.*

AFFIRMED.

---

[1] The enforcement functions of the Immigration and Naturalization Service (INS) within the Department of Justice were transferred to Immigration and Customs Enforcement (ICE) within the Department of Homeland Security in March 2003. 6 U.S.C. § 251.