BLD-035                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2172
_____

LESLIE CHARLES COHEN,
also known as L.C. Cohen,

Appellant

v.

HARLEY G. LAPPIN, Director, Federal Bureau of Prisons (BOP);
ATTORNEY GENERAL OF THE UNITED STATES; JOHN MORTON;
DEBORAH H. HICKORY; MICHAEL JOSEPH GROWSE;
MARIA FRANCISCA MARRERO; MARVIN S. PITT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00035)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 22, 2010)
_____

OPINION
_____

PER CURIAM

Appellant Leslie Cohen appeals from the District Court's order dismissing his

petition for a writ of habeas corpus, and from the court's subsequent orders denying his motions for reconsideration and relief from judgment. We will affirm.

Cohen is a federal prisoner currently housed in the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. Cohen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in November 2009, which was eventually transferred to the United States District Court for the Western District of Pennsylvania. The details of Cohen's claims are set forth in the Magistrate Judge's Report and Recommendation and the District Court's Memorandum Orders, and need not be discussed at length here. Briefly, Cohen alleged in his § 2241 petition that a detainer lodged by the Bureau of Immigration and Customs Enforcement and a "false INTERPOL" detainer were adversely impacting his custody level and security designation. Cohen set forth additional claims in his petition and addendum challenging certain conditions of his confinement. Cohen requested various forms of injunctive relief as well as monetary damages.

Having concluded that Cohen could not proceed under 28 U.S.C. § 2241, the District Court summarily dismissed the petition. The District Court determined that Cohen was not "in custody" pursuant to the challenged detainers as required for relief pursuant to § 2241, and that the remainder of his claims must be brought in an action filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The District Court thereafter denied Cohen's reconsideration motion filed under Fed. R. Civ. P. 59(e). The District Court rejected Cohen's contention that his petition should

2

have been converted into a civil rights complaint. The District Court reasoned that the substantial differences between a habeas petition and a civil rights complaint -- including the applicability of the fee provisions of the Prison Litigation Reform Act ("PLRA") and the procedural requirements peculiar to each type of action -- counseled against such a conversion. Cohen was advised that the dismissal of his § 2241 petition was without prejudice to his right to pursue his claims in a civil action if he so desired.

Undeterred, Cohen sought further recourse in the District Court by filing a motion for relief pursuant to Fed. R. Civ. P. 60(b). Cohen primarily complained that the District Court's dismissal would have a res judicata effect on any civil rights action he pursued, thus rendering the dismissal without prejudice meaningless. Cohen requested, once again, that the District Court construe his petition as a Bivens complaint or transfer it back to the United States District Court for the Eastern District of Kentucky. Cohen's motion for relief fared no better than did his request for reconsideration. The District Court reiterated that Cohen's civil rights claims were dismissed without prejudice to his right to raise them in a civil rights complaint, and noted that his other arguments had been adequately addressed in its prior order. Accordingly, the District Court denied Cohen's Rule 60(b) motion, as well as his subsequent motion seeking reconsideration of that decision. This timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Cohen's § 2241 petition is plenary, see Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002), and we review the District

3

Court's orders denying his motions filed under Rules 59(e) and 60(b) for an abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003).

To the extent that Cohen seeks to challenge the detainers he claims have been lodged against him, we agree with the District Court that Cohen is not "in custody" pursuant to those detainers so as to seek relief pursuant to § 2241. See, e.g., Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003) (citing cases). We likewise agree that the remainder of the claims presented in Cohen's petition do not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). This includes Cohen's challenge to his security designation and custody classification. In the absence of the type of change in custody level at issue in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the "execution" of a sentence cognizable in a § 2241 proceeding. Thus, the District Court correctly determined that Cohen's remaining claims should be brought in a Bivens action. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Finally, given the significant differences between the rules applicable to a prisoner's general civil litigation case and a request for habeas relief, we cannot conclude that the District Court abused its discretion in denying Cohen's post-judgment requests

4

under Rules 59(e) and 60(b) to have his § 2241 petition re-characterized as a <u>Bivens</u> complaint and transferred back to the District Court in Kentucky.  As noted previously, the District Court provided that its dismissal was without prejudice to Cohen's ability to pursue his claims in a <u>Bivens</u> action.

For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the order of dismissal and the District Court's subsequent orders denying post-judgment relief.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.