**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2011

Lyle W. Cayce
Clerk

No. 10-50988
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM PAUL SHAVER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-148-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Paul Shaver, federal prisoner # 30030-008, was convicted of theft of mail matter (count one), altering a financial obligation (count two), possessing counterfeit obligations (count three), and access device fraud (count four). He was sentenced to 60 months of imprisonment on count one and 120 months of imprisonment on counts two, three, and four, all to be served concurrently with each other and with Shaver's sentences for two other Tarrant County convictions. He was also sentenced to pay $4,155 in restitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50988

Shaver now moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his Federal Rule of Criminal Procedure 36 motion. The district court determined that it lacked jurisdiction to consider the motion because the motion challenged the calculation of Shaver's sentence by the Bureau of Prisons (BOP) and thus was properly filed under 28 U.S.C. § 2241 in the Northern District of Texas, where Shaver was incarcerated.

By moving for IFP here, Shaver is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a). Shaver concedes that his motion disputed the BOP's calculation of his sentence, but he argues that his previously filed Section 2241 petition concerning this issue already was denied and that he now is attempting, pursuant to Rule 36, to conform his judgment to the district court's "original intentions" to give him presentence credit for the time that he served for his Tarrant County convictions. He also requests an evidentiary hearing on appeal.

As Shaver concedes, his motion in fact challenged the BOP's calculation of his sentence, and thus it would properly be filed under Section 2241 in the district in which he was incarcerated. *See Castro v. United States*, 540 U.S. 375, 381 (2003); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Accordingly, he has not shown that the district court erred in denying his Rule 36 motion as a Section 2241 petition over which it lacked jurisdiction. *See Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540-41 (5th Cir. 2003).

In light of the foregoing, Shaver's IFP motion fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, Shaver's motion for leave to proceed IFP on appeal is denied and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2. Shaver's motion for an evidentiary hearing on appeal is likewise denied.

No. 10-50988

IFP DENIED; APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.