BLD-110                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3887
_____

PETER A. JAMES,
                              Appellant

v.

DISTRICT ATTORNEY YORK COUNTY;
DISTRICT ATTORNEY PHILADELPHIA;
THOMAS DECKER, Director for Detention;
SUPERINTENDENT HUNTINGDON SCI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-05619)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2015

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Peter James appeals from the District Court's order denying his habeas petition filed pursuant to 28 U.S.C. § 2241. Because no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment.

A federal district court has jurisdiction to hear a petition filed pursuant to § 2241 only if the petitioner is "in custody." Maleng v. Cook, 490 U.S. 488, 490 (1989); Verde-Rodriguez v. Att'y Gen., 734 F.3d 198, 204 n.4 (3d Cir. 2013). James was confined in the Curran-Fromhold Correctional Facility, a part of the Philadelphia Prison System, at the time he filed his habeas petition. The petition alleged that he was being illegally confined pursuant to detainers issued by York County and the Immigration Customs Enforcement agency ("ICE"), even though he had posted bail in his criminal case, and an Immigration Judge had granted him release on bond. The Magistrate Judge assigned to the case recommended denying the petition because James was not in custody pursuant to the detainers at the time he filed his petition, but was instead in custody for his state criminal conviction.[1] In his objections, James argued, among other things, that he should be able to challenge the ICE detainer[2] because he would be subject to ICE custody once his criminal sentence is completed. But an immigration detainer, which simply gives a

---

[1] At the time he filed his petition, his direct criminal appeal was pending. The judgment of conviction since has been affirmed on appeal, see Commonwealth v. James, No. 2389 EDA 2013 (Aug. 19, 2014).

[2] It appears that the York County detainer is also based on the possibility of ICE detention.

2

prison notice that ICE is interested in the prisoner, is not sufficient to establish "custody" for purposes of § 2241.  See Zolicoffer v. Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003).

Because James was not in custody pursuant to the detainers at the time he filed his § 2241 petition, the District Court lacked jurisdiction to consider the petition.[3]  We will thus affirm the District Court's judgment.[4]

---

[3] At the time James filed his petition, he *was* in custody pursuant to his state criminal conviction, but it does not appear that he was attempting to challenge that conviction.  In any event, he could not have challenged his conviction in his petition, as the conviction was still pending on appeal, see 28 U.S.C. § 2254(b)(1)(A); and § 2241 is not the proper vehicle for challenging a state criminal conviction, see Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001).

[4] James's pending motions, including his motion for release, are denied.