**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1466
_____

UBLESTER MUNDO-VIOLANTE,
                                        Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-00174)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2015
Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

Ublester Mundo-Violante is a citizen of Mexico who entered the United States in

1996.  In 2006, he was sentenced in the United States District Court for the Western

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District of Virginia to 180 months of imprisonment following his guilty plea for drug-trafficking and weapons offenses. The sentencing judge, at Mundo-Violante's request, recommended in his judgment of sentence that Mundo-Violante be assigned to the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"), which is a minimum-security facility.

Following sentencing, in order to determine Mundo-Violante's placement in a federal facility, the Federal Bureau of Prisons ("BOP"), utilized the Security Designation and Custody Classification Manual. Pursuant to the Manual, inmates who are not citizens of the United States are subject to a "Deportable Alien" Public Safety Factor ("PSF") which renders them ineligible to be incarcerated at minimum-security facilities. (See Program Statement 5100.08, effective Sept. 12, 2006.) Because Mundo-Violante is not a citizen of the United States, the BOP assigned him to the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), a low-security facility.[1] In 2010, while still serving his federal sentence, the United States Immigration and Customs Enforcement ("ICE") lodged a detainer against Mundo-Violante.

In August 2014, Mundo-Violante filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania—his district of confinement—listing the Warden of FCI Loretto ("Warden") as defendant. Mundo-Violante appeared to argue that the BOP erroneously

_____

[1]BOP institutions are classified into five security levels. A low-security facility is one-level higher than a minimum-security facility, which has the lowest level of security.

2

applied a Management Variable[2] (based upon an erroneous and/or expired ICE

immigration detainer) in order to determine his security designation.  He claimed that as a

result of that error, he has been deemed ineligible for placement at a minimum-security

facility.  Mundo-Violante requested that the District Court "dislodge" the expired

detainer and order the Warden from further relying upon a Management Variable,

presumably so that he may be transferred to a minimum-security prison.

After the Warden filed an answer to the petition, the Magistrate Judge issued a

report recommending that Mundo-Violante's petition be dismissed for lack of jurisdiction

because it did not challenge the fact or duration of his custody, or the execution of his

sentence.  The District Court adopted the recommendation over Mundo-Violante's

objections.  This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 & 2253(a).

We review de novo the District Court's dismissal of a habeas petition on jurisdictional

grounds.  Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002).  We will

summarily affirm if the appeal does not present a substantial question, see 3d Cir. L.A.R.

27.4; 3d Cir. I.O.P. 10.6, and may do so on any basis supported by the record.  Murray v.

Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[2] The BOP applies a Management Variable when an inmate's "placement has been made
and/or maintained at an institution level inconsistent with the inmate's security score—a
score which may not completely/accurately reflect his or her security needs."  (See
Program Statement 5100.08.)

3

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging . . . the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citation omitted). While we have noted that "the precise meaning of 'execution of the sentence' is hazy," we have made it clear that a challenge under § 2241 must be to the manner in which the sentence is being "put into effect" or "carr[ied] out." Id. at 242-43; see also Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that, in order for a prisoner to challenge the execution of his sentence under § 2241, he must allege that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment").

To the extent that Mundo-Violante's § 2241 petition presented a direct challenge to his ICE detainer, we agree with the District Court that because Mundo-Violante is not "in custody" pursuant to that detainer, he may not seek relief under § 2241. See, e.g., Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003) (citing cases).[3] Likewise, we agree with the District Court that to the extent Mundo-Violante challenged his security designation, the claim is not cognizable in a § 2241 petition because it does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Indeed,

---

[3] Moreover, even if the District Court had jurisdiction to consider Mundo-Violante's claim, as the Warden correctly notes, contrary to Mundo-Violante's assertion, the ICE detainer that has been lodged against him has not expired. Indeed, it remains active throughout Mundo-Violante's prison term for his federal conviction. See 8 C.F.R. § 287.7.

4

Mundo-Violante does not argue (nor does the record support a finding that) the sentencing court expressed any view about the appropriate security designation for him.[4]

To the extent, however, that Mundo-Violante argued in his petition that the BOP's ultimate decision to place him in a low-security facility (based upon his security designation) violates a direct order of the sentencing court, we determine that it appears that such a claim may fall within the purview of § 2241. See Cardona, 681 F.3d at 537. As mentioned, the sentencing court recommended (at Mundo-Violante's request) that he be assigned to FCI Morgantown—a minimum-security facility. Assuming arguendo that this claim is cognizable under § 2241, we conclude that Mundo-Violante was not entitled to relief in any event because he does not state a claim for deprivation of a constitutional right.

As the Warden argued in his motion to dismiss, neither BOP policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities. See generally Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983) (holding that an inmate has no justifiable expectation that he will be incarcerated in any particular prison or state), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (determining that a prisoner has no right to be transferred

---

[4] Additionally, we note that although Mundo-Violante argues that the BOP improperly applied a Management Variable in order to determine his security designation, the record reflects that the BOP did no such thing. Indeed, the BOP relied only upon the Deportable Alien PSF.

5

to facility closer to family). Moreover, the assignment of a Deportable Alien PSF, in itself, does not implicate the Due Process Clause either. See Sandin, 515 U.S. at 484 (determining that a protected liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Mundo-Violante's PSF classification and its resulting consequences of disqualification for assignment to certain facilities, as with other security classifications, is not outside what a prisoner "may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (internal quotation marks and citations omitted); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoners have no legitimate due process concerns in their prison classifications). Thus, the claim is without merit.

For these reasons, we will affirm the judgment of the District Court. However, we modify the judgment to deny, rather than dismiss, the petition to the extent that the District Court had jurisdiction to consider Mundo-Violante's claim regarding his placement at FCI Loretto.[5]

---

[5] The Warden's combined motion to supplement the appendix and to request that we take judicial notice of Mundo-Violante's criminal sentencing transcript is granted.