**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3932
_____

NEDZAT KORAC,
                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-18451)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2020
Before:  AMBRO, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: August 4, 2020)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Nedzat Korac appeals from an order of the United States District

Court for the District of New Jersey dismissing his petition brought pursuant to 28 U.S.C.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 2241. For the following reasons, we will vacate that order and remand for further proceedings consistent with this opinion.

Korac, a federal prisoner, was convicted of bank burglary and conspiracy to commit bank burglary in the United States District Court for the Southern District of New York. He is incarcerated at the Federal Correctional Institution in Fairton, New Jersey, and, with good time credits, has a projected release date of October 4, 2020. In September 2019, Korac filed a § 2241 petition challenging an immigration detainer lodged against him by the Department of Homeland Security's (DHS) Immigration and Customs Enforcement Bureau (ICE). Korac sought to compel DHS and ICE to lift the detainer – which he maintains is preventing his eligibility for "any type of rehabilitation services" – because he is "stateless" and ICE "has on prior occasions lodged similar detainers against [him] only to drop said detainers with the knowledge that [he] is stateless, and thus, 'non-deportable.'" Motion to Expedite for Emergency Hearing at 2, Habeas Pet. At 11. The District Court screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and dismissed it without ordering service after determining that it lacked jurisdiction because Korac was not "in custody" for purposes of § 2241. This appeal ensued.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's order. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017).

To invoke habeas jurisdiction, Korac was required to demonstrate that he was "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1).

2

"The term 'custody' extends beyond physical confinement, and encompasses other significant restraints on . . . liberty that are not shared by the public generally." Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotation marks and citation omitted). The mere filing of a detainer is insufficient to establish that an alien who is detained pursuant to a criminal conviction is "in custody" for purposes of the habeas statute. See Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003). However, "[a]n individual subject to a final deportation order issued by the INS or its successor agency is in custody for § 2241 purposes." Kolkevich v. Att'y Gen., 501 F.3d 323, 334 n.6 (3d Cir. 2007) (citation omitted); see also Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 735 (5th Cir. 2005) (joining four circuit courts in holding that "a final deportation order subjects an alien to a restraint on liberty sufficient to place the alien 'in custody'"). In dismissing the petition, the District Court determined that Korac was not subject to a final order of removal. However, the immigration detainer, which was attached to Korac's motion to expedite filed with the District Court, indicates that there is a final order of removal against him.[1] Accordingly, because it appears that Korac is "in custody" for purposes of this § 2241 proceeding, the District Court erred in dismissing his petition.[2]

---

[1] Another exhibit attached to his motion to expedite, which appears to be a copy of his Presentence Investigation Report (PSR), states that "[s]ince October 16, 2000, Korac has had an outstanding warrant of removal with ICE. However, an ICE agent reported that Italy refuses to issue a travel document for the defendant. Therefore, he has not been deported and has reported to ICE on aquarterly (sic) basis."

[2] We take no position on the merits of the claims in the § 2241 petition.

Based on the foregoing, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.[3]

---

[3] Korac's motion for expedited consideration is denied.